Maiíly, J.
There appears upon the record but one exception to-the rulings of tho Judge below. After instructions upon tho law of the case not complained of, the Court was asked to inform the jury “that, although they were satisfied from the. evidence tho prisoner hrolce and entered into the dwelling house iu the night timo with the intent to»commit'a rape on the person of the prosecutrix, yet- if he afterwards desisted, on account of the'resistance .ho met ■with,, or through fear or any other canse,' tire prisoner was not guilty,'''
• The Court declined to give the instructions thus asked, but told the jury if they were satisfied from the evidence ■the prisoner broke and entered into the. dwelling house in the night, time, with the intent to commit a rape on-the prosecutrix, and afterwards, through resistance or fear, abandoned the intent, he was guilty. To this exception is taken.
*252 We see no ground for a question either-upon the propriety of refusing the specific instructions asked, or upon the propriety of giving the instructions substituted therefor.
The definition-of a burglar given by Sir Edward Coke is —“He that by night brealceth and entereth into a mansion house with intent to commit a felony.”
A .moments consideration of the elements of this definition will show the groundless nature of this exception. It is apparently based upon the assumption that the felonious intent can only be made evident by its- actual execution, which is a great mistake.
This element of the offence may appear from circumstances happening antecedently to'the act intended, and so appearing (other elements being conceded) the offence is consummated.
This view of the offence is supported by many adjudged cases, and by the uniform practice; and accordingly we find a definition conforming thereto adopted by East Russell and other text writers, viz.: “a breaking and ehtering the mansion house of another in the night with intent to commit some felony within the same, whether such felonious intent be executed or not.”
This meets in all respects the case now before us, and by express words disposes of the prisoner’s exception.
The case informs us there was evidence as to the' intent laid before the jury and proper instructions in relation thereto given by the Court. There is no error, therefore, in the instructions given, and those asked tor were rightfully refused.
We have examined the whole record with the care which its importance demands and find no defector impediment to hinder the due course of the law.
This will he certified to the Superior Court of Montgomery County to the end that it may proceed to pronounce judgment according to law.